[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2011
JOHN LEY
CLERK

No. 10-15208
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-14007-KMM-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDERSON BRUTUS,
f.k.a. Brutus Anderson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anderson Brutus appeals his 108-month sentence, the minimum sentence suggested under the applicable guidelines range, imposed after he pled guilty to one count of conspiracy with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. On appeal, Brutus asserts (1) the district court erred by denying his request for a mitigating role reduction and (2) his sentence is substantively unreasonable. After review, we affirm Brutus's sentence.[1]

I.

Brutus first argues a mitigating role reduction was appropriate in light of the facts before the district court. Brutus contends the district court failed to compare his role with the relevant conduct attributed to him and did not measure his conduct against that of the other members of the conspiracy.

To determine whether a particular defendant qualifies for a § 3B1.2 mitigating role reduction, the district court must first "measure the defendant's role against the relevant conduct for which []he has been held accountable." *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). The district court may also measure the defendant's role against the roles

---

[1] "[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

of the other participants in the relevant conduct. *Id*. at 944. In any case, so long as the record supports the decision of the court and any disputed factual issues are resolved, "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id.* at 940.

The district court did not commit clear error in denying Brutus a mitigating role reduction. The relevant conduct against which his role was assessed was properly considered as the 130 kilograms of cocaine with which Brutus was personally involved, not the much larger amount involved in the conspiracy as a whole. Brutus failed to show he was less culpable than the average participant because he "actively participated in a scheme over a period of time [and] was aware he was transporting large amounts of cocaine . . . and obtained kilogram amounts of cocaine . . . for his own benefit."

## II.

Brutus argues his sentence was substantively unreasonable because the district court failed to consider the relevant factors. Brutus also contends the fact that Parson Exana–who helped coordinate the importation of the cocaine–received the same sentence demonstrates that his sentence was greater than necessary to comply with the statutory purposes of 18 U.S.C. § 3553(a).

3

The district court properly considered the § 3553(a) factors and found that a sentence at the bottom of the Guidelines range would be sufficient to deter Brutus. The district court's focus on one particular § 3553(a) factor does not constitute an abuse of discretion, so long as such a focus was not to the exclusion of the other statutory factors, which it was not here. *See Gall v. United States*, 128 S. Ct. 586, 600-02 (2007). Moreover, Brutus's contention that his sentence was unreasonable because it was the same as that given to Exana–who was involved in the importation of the cocaine–is without merit. As the Government pointed out at sentencing, without objection, there is reason to doubt that Brutus and Exana were similarly situated, as no evidence was before the court suggesting that Exana had been fronted kilogram amounts of cocaine for his own use. We conclude Brutus's sentence was substantively reasonable.

**AFFIRMED.**